# CIRCUIT COURT OF ARLINGTON COUNTY

Beeren & Barry
Investments, L.L.C.

v.

Equity Trustees, L.L.C., et al.

June 25, 2007

Case No. (Chancery) 05-59

BY JUDGE JOANNE F. ALPER

This matter came before the Court on June 1, 2007, for oral argument upon Plaintiff's motion for summary judgment. The parties agree that this case can be properly resolved by summary judgment as there are no material facts in dispute. Having taken the matter under advisement and reviewed the memoranda and arguments of counsel for the parties, the Court concludes that the Option to Purchase ("the Option") found in the Deferred Purchase Money Deed of Trust ("deed of trust") is a restrictive covenant that runs with the land, but is limited to the conditions in the deed of trust, which do not contemplate foreclosure. Therefore, summary judgment will be granted in favor of the Plaintiff; the Option does not apply to Plaintiff's acquisition of the property via foreclosure, but it does survive the foreclosure sale and run with the land.

I. *Factual and Procedural Background*

On December 17, 1999, AHC, Inc. ("AHC"), formerly known as the Arlington Housing Corporation, conveyed to Julio C. Bustillos and Lourdes Calderon Bustillos property located at 2689 24th Road South, Arlington, Va.

This deed was properly recorded among the land records of Arlington County. At the same time as the sale, AHC became the holder of a purchase money promissory note payable to AHC in the amount of $7,458.00, secured by the subject property, that included an option to purchase granted to AHC. The Option to purchase is exercised through providing notice of a *bona fide* offer to purchase the property by a third party and permitting AHC sixty days to choose to exercise the right to purchase. This was recorded among the land records of Arlington County on December 20, 1999, in Deed Book 3031 at page 1899.

The Bustillos subsequently refinanced the subject property with a loan by Option One Mortgage Corporation ("Option One") on January 23, 2003, secured by the subject property and recorded in the land record of Arlington County, in the amount of $214,200.00. On February 3, 2003, AHC received a payoff of its promissory note and completed a Certificate of Partial Satisfaction, which expressly retained the Option. Defendant Equity Trustees, L.L.C. ("Equity Trustees") was appointed substitute trustee of the deed of trust from Option One on July 12, 2004, which was recorded among the land records of Arlington County.

The Bustillos defaulted on the mortgage with Option One and a foreclosure sale occurred on August 22, 2004, where Plaintiff Beeren & Barry Investments, L.L.C. ("Beeren & Barry") acquired the property for $274,100.00. Plaintiff Beeren & Barry Investments brought this suit against Defendants Equity Trustees and AHC, Inc., seeking an adjudication that the Option did not apply to or survive the foreclosure sale. Defendant Equity Trustees agrees with the position of Plaintiff Beeren & Barry; thus, the issues in this matter are between AHC and the other two parties.

## II. *The Option to Purchase is a Restrictive Covenant That Runs with the Land*

The Plaintiff argues that the Option to Purchase is personal to the grantor, the Bustillos, and therefore does not run with the land and cannot be enforced against anyone other than the grantor. The Defendant AHC argues that the Option is a restrictive covenant, which is binding and enforceable against any successors in interest to the grantor.

A restrictive covenant is enforceable and runs with the land, if the landowner establishes "(1) horizontal privity; (2) vertical privity; (3) intent for the restriction to run with the land; (4) that the restriction touches and concerns the land; and (5) that the covenant is in writing." *Barner v. Chappell*, 266 Va. 277, 283 (2003).

Plaintiffs do not dispute the existence of the elements of (1) vertical privity, because they obtained the property through foreclosure after the Bustillos defaulted, (2) that the covenant touches and concerns the land, because the restriction limits the ability to freely transfer the property, and (3) that the covenant is in writing, which is found in the written deed of trust.

A review of the deed of trust reveals that both of the remaining elements, horizontal privity and intent for the restriction to run with the land, have been proven and, therefore the Option to Purchase creates an enforceable restrictive covenant.

## A. *Horizontal Privity*

The Plaintiff argues that there is no privity of estate between the Bustillos and AHC, even if the covenant touches and concerns the land, because AHC is merely a deed of trust beneficiary enjoying no legal privity of estate with Bustillos. However, horizontal privity is established by showing the covenant was made "in connection with the conveyance of an estate in land from one of the parties to the other." *Sonoma Dev., Inc. v. Miller,* 258 Va. 163, 168 (1999). This is satisfied when the transaction includes "a transfer of interest either in the land benefited by or in the land burdened by the performance of the promise." *Id.* "In other words, the covenant must be part of a transaction that also includes the transfer of an interest in land that is either benefited or burdened by the covenant." *Id.* In this case, AHC conveyed the property to the Bustillos by means of a Special Warranty Deed on December 17, 1999. On the same date and in association with the Special Warranty Deed, the parties created the Deed of Trust that includes the relevant Option to Purchase. Therefore, the deed of trust was a part of the transaction that included a transfer in the interest of the burdened land and horizontal privity is established.

## B. *Intent for Restriction to Run with the Land*

The Plaintiff further argues that the deed of trust fails to express an intention of the parties that the covenant runs with the land. Plaintiff argues that the fact that the Option is enforceable only if the Bustillos die or elect to sell the property means the parties intended for the covenant to be terminable and not run with the land.

In *Sloan v. Johnson,* 254 Va. 271, 277 (1997), the Virginia Supreme Court found intent to run with the land by reading the scope of the limitations written in the parties' deeds. In this case, AHC and the Bustillos explicitly

provided in the deed of trust that the Option to repurchase would continue even if a prospective purchaser does purchase the property. The deed of trust reads:

> In the event that the prospective purchaser does purchase the property, AHC, Inc., shall have the right to repurchase the property from the purchaser or his or her successor in title at the Purchase Price and in the manner and with the same limitations for notice as specified herein; provided, however, that such right to purchase shall expire in any event at the end of 30 years from the date of this trust.

This instrument demonstrates the parties' intent to extend the Option beyond the Bustillos to future purchasers and their successors for up to thirty years from the date of the agreement.

## C. *Deed of Trust Was Properly Drafted and Recorded under Virginia Law*

Virginia law, found in Va. Code §§ 55-57.1 and 55-57.2, authorizes the creation and recordation of these types of options. Under Va. Code § 55-57.1, in lieu of recording the option to purchase real estate, the party can record a memorandum of that option, executed by the grantor, containing the following information: (1) name of the person granting the option, (2) name of the optionee and a reference to the option, (3) the addresses of the parties, (4) its date, (5) a description of the optioned property, (6) the option price or a reference to the method of how the option price is computed, and (7) a statement of term or termination date and rights of extension or renewal, if any. The option to purchase in this case, found in the deed of trust, provides all of this required information and therefore is properly drafted under Virginia law.

An option to purchase real estate is void as to all purchasers for value without notice and lien creditors, until such instrument is recorded. Va. Code § 55-57.2(A). There is no dispute that the deed of trust was recorded on December 20, 1999, long before Plaintiff acquired the property through foreclosure proceedings on August 22, 2004. The recordation of an option is sufficient to create a legal interest in property and serves as constructive notice to successors in interest. *Chavis v. Gibbs*, 198 Va. 379, 381 (1956); *Parker v. Murphy*, 152 Va. 173, 191-92 (1929); *Springfield Eng'g Corp. v. Three Score Dev. Corp.*, 26 Va. Cir. 186, 191 (1992). As a result, Plaintiff was given ample notice of the Option prior to the purchase of the property.

Furthermore, under Va. Code § 55-57.2(B)(2), an option to acquire an interest in real estate secured by a deed of trust is effective according to its terms and takes priority, so long as the right to exercise the option is not dependent upon default under the deed of trust. The Option to Purchase in this case is contained in a deed of trust and is not contingent upon default of the deed of trust. Therefore, the terms of the Option to Purchase are effective under Virginia law.

### III. *Foreclosure Is Not a Condition Contemplated by the Option to Purchase*

Under Virginia law, restrictive covenants are construed following the "plain meaning" rule of contract interpretation, unless the Court determines that the term is ambiguous. *Waynesboro Village, L.L.C. v. BMC Properties*, 255 Va. 75, 79-80 (1998). However, "valid covenants restricting the free use of land, although widely used, are not favored and must be strictly construed," *Id.* at 80, and the burden is on the party seeking to enforce them to demonstrate the "validity and meaning of the covenant," *Perel v. Brannan*, 267 Va. 691, 700 (2004). Any substantial doubt or ambiguity is to be resolved against the restrictions in favor of the free use of property. *Waynesboro Village*, 255 Va. at 80.

As previously described, this Option to Purchase was properly created and recorded under Va. Code §§ 55-57.1 and 55-57.2. However, Va. Code § 55-57.2(B)(2) limits the effectiveness of the Option to its terms. A review of the deed of trust reveals a limited option to purchase that does not discuss the circumstance of acquisition of the property through foreclosure sale.

The relevant section of the deed of trust reads as follows:

> In the event of Grantor's death or in the event that the Grantor elects to sell the property secured hereby at any time within thirty (30) years from the Trust, AHC, Inc., its successors, or assigns shall have the option to purchase the property at the Purchase Price as hereinafter defined.

The right to exercise the Option to Purchase is limited to two enumerated conditions: (1) the death of the Grantor, the Bustillos, or (2) the election of the Grantor to sell the property. There is no mention in the instrument of transfer of the property by default and foreclosure. In this case, neither of the two specified conditions precedent occurred as the ownership of the property actually passed to the Plaintiff through foreclosure sale. This Court does not have the authority

to go beyond the plain meaning of the conditions agreed to by the parties. Neither enumerated condition has been met; therefore, the Defendant AHC may not enforce the Option to Purchase.

## IV. *Conclusion*

The Court rules that all the elements of a restrictive covenant are present in the deed of trust, specifically there was horizontal privity between AHC and the Bustillos and the parties intended for the restriction to run with the land. Additionally, AHC properly drafted and recorded the Option to purchase under Va. Code §§ 55-57.1 and 55-57.2. Therefore, the Court finds that Plaintiff was given constructive notice of the Option to Purchase when it acquired the property. However, the enforceability of the restrictive covenant is limited to the plain meaning of its terms. In this case, the triggering conditions which permitted Defendant AHC to repurchase the property are the death of the Bustillos or the intent to sell the property by the Bustillos. Neither event occurred as the property was acquired by Plaintiff through default and foreclosure sale, a condition that was not described in the instrument. Any substantial doubt or ambiguity is to be resolved against the restrictions in favor of the free use of property. Therefore, Plaintiff's claim to title to the subject property takes priority over the valid option held by the Defendant.

However, since the Option to Purchase is still a valid restrictive covenant that runs with the land and was properly recorded on December 20, 1999, it continues to be enforceable against Plaintiff Beeren & Barry and "his or her successor in title" pursuant to its specific language.